UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-00102-LLK

THONYA RHINA DURARD                                                                                    PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Disability Insurance Benefits under Title II of the Social Security Act.  The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 14-1 and 15.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 12].

Plaintiff makes two arguments.  Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Discussion**

To prove her Title II disability claim, Plaintiff must show that she was disabled during the closed period between February 2, 2017, when she alleges she became disabled, and December 31, 2017, when her insured status for Title II benefits expired. [DN 11-2 at 17]. "[P]ost-date-last-insured medical evidence generally has little probative value unless it illuminates [Plaintiff's] health before the insurance cutoff date." *Grisier v. Comm'r of Soc. Sec.*, 721 Fed. Appx. 473, 477 (6th Cir. 2018).

The ALJ found that Plaintiff is not disabled because, during the closed period, she had a residual functional capacity ("RFC") to perform a limited range of light work and was "able to understand, remember, and carry out simple instructions and non-detailed tasks."  [DN 11-2 at 19].

1

**The ALJ's RFC finding is supported by substantial evidence.**

First, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it was not supported by any medical opinion regarding what she could still do despite her physical and mental impairments. [DN 14-1 at 11].

The determination of a claimant's RFC is based on a variety of medical and nonmedical factors and is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2). "No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity [RFC] finding." *Tucker v. Comm'r*, 775 F. App'x 220, 226 (6th Cir. 2019). The ALJ did not "improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity [RFC] finding." *Poe v. Comm'r*, 342 F. App'x 149, 157 (6th Cir. 2009). In this case, the ALJ's RFC finding was substantially supported by the ALJ's review of Plaintiff's medical records and the medical and non-medical evidence as a whole.

In all social security disability cases, the ultimate "burden lies with the claimant to prove that she is disabled." *Ferguson v. Comm'r*, 628 F.3d 269, 275 (6th Cir. 2010); *see also* 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled") and 404.1545(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your [RFC]"). In this case, to the extent a medical opinion may have supported her disability claim, Plaintiff should have submitted it to the ALJ for consideration.

Admittedly, the ALJ had some duty to develop the record on her own initiative, and the development of the record was imperfect in this case. At the initial and reconsideration levels, the state agency program psychologist and physician opined Plaintiff had no severe, or vocationally significant, impairment due to a lack of "functional information prior to DLI [date last insured]" and "insufficient evidence to assess the severity of impairments." [DN 11-3 at 92, 93, 104]. The ALJ found these opinions

to be "not persuasive, as subsequent medical record were submitted which support the findings in this decision." [DN 11-2 at 22].

"There will always be a gap between the time the agency experts review the record and give their opinion ... and the time the hearing decision is issued." *Kelly v. Comm'r*, 314 F. App'x 827, 831 (6th Cir. 2009). "[A]n ALJ may rely on the opinion of a consulting or examining physician who did not have the opportunity to review later-submitted medical records if [as occurred here] there is 'some indication that the ALJ at least considered these facts.'" *Spicer v. Comm'r*, 651 F. App'x 491, 493-94 (6th Cir. 2016) (quoting *Blakley v. Comm'r*, 581 F.3d 399, 409 (6th Cir. 2009)).  Although an ALJ's "basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appeals before him," in this case, Plaintiff was represented by an attorney (albeit a different attorney than the one representing Plaintiff in this action). *Kidd v. Comm'r*, 283 F. App'x 336, 344 (6th Cir. 2008).

**The ALJ's RFC finding is not inconsistent with the jobs identified by the ALJ.**

Second, Plaintiff argues that the ALJ's finding that she can perform the jobs of light office helper, mail sorter, and packer is not supported by substantial evidence in light of the ALJ's finding that she is "able to understand, remember, and carry out simple instructions and non-detailed tasks," [DN 11-2 at 19]. [DN 14-1 at 14]. The jobs in question require reasoning levels of 2 and 3.[1]

The Sixth Circuit has recognized "the possibility that jobs requiring reasoning level of two or three might conflict with a claimant's simple-task limitation." *Joyce v. Comm'r*, 662 F. App'x 430, 436 (6th Cir.

---

[1] Specifically, the Dictionary of Occupational Titles ("DOT") describes the jobs of office helper (239.567-010) and packer (559.687-074) as requiring:
> Reasoning: Level 2 - Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions.  Deal with problems involving a few concrete variables in or from standardized situations.

1991 WL 672232, 1991 WL 683797.  The DOT describes the job of mail sorter (209.687-026) as requiring:
> Reasoning: Level 3 - Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations.

1991 WL 671813.

2016) (summarizing the practice of sister circuits).  However, no precedent "requires the Commissioner to align DOT 'reasoning levels' with RFC classifications." *Monateri v. Comm'r*, 436 F. App'x 434, 446 (6th Cir. 2011).

In this case, the vocational expert ("VE") testified that an individual who is "able to understand, remember and carry out simple instructions, non-detailed tasks" can perform the jobs in question.  [DN 11-2 at 80].  Plaintiff's argument is unpersuasive for two reasons.  First, "[a]s in *Joyce v. Comm'r*, 662 F. App'x 430 (6th Cir. 2016), any conflict between the VE's testimony and the DOT was harmless because Plaintiff does not argue that she is [actually] incapable of performing the jobs identified by the VE." *Baskette v. Berryhill*, No. 1:17-CV-00135-GNS-LLK, 2018 WL 4701878, at *3 (W.D. Ky. Mar. 29, 2018) (report adopted).  Plaintiff has past relevant work as an office manager for a construction company (169.167-034), which required a reasoning level of four.  [1991 WL 647430; DN 11-2 at 22].  If she could perform a reasoning level 4 job, there is no reason apparent why she could not perform reasoning levels 2 and 3 jobs.  Second, Plaintiff forfeited her reasoning-level argument by not raising it at the administrative level – either by way of cross-examination of the VE at the hearing or post-hearing objections to the ALJ. *Padilla v. Saul*, No. 3:18-CV-580-CHB, 2020 WL 1651227, at *9 (W.D. Ky. Apr. 3, 2020).  The ALJ was not required to conduct her "own investigation into the testimony of a [VE] to determine its accuracy [in light of DOT reasoning levels], especially when the claimant fails to bring any conflict to the attention of the [ALJ]." *Id.* (quoting *Martin v. Comm'r*, 170 F. App'x 369, 374–75 (6th Cir. 2006)).

### Order

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

February 9, 2021

Lanny King, Magistrate Judge
United States District Court